

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-73,015-17

### EX PARTE WILLIE HENRY III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 98575-H IN THE 252ND DISTRICT COURT FROM JEFFERSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to prison. He is currently on parole release. In his habeas application, Applicant complains of a parole condition—Special Condition X—that the Parole Board imposed on him.

This parole condition is regularly applied to sex offenders. Applicant, however, was convicted of aggravated assault, and the habeas record does not show any other convictions. Applicant complains that he was not afforded adequate due process in the Parole Board's decision to impose Special Condition X.

A parolee who has not been convicted of a sex offense must be afforded procedural due process before sex-offender conditions may be imposed upon him. *See Ex parte Evans*, 338 S.W.3d 545 (Tex. Crim. App. 2011). It appears from the habeas record that there was notice and disclosure of evidence to Applicant before the Parole Board applied the sex-offender condition. It remains unclear whether there was a hearing or if a hearing was waived and whether Applicant was afforded due process in connection with that hearing (e.g, permitted to call and confront witnesses).

Applicant has alleged facts that, if true, might entitle him to relief. There is no response from the Parole Board in the habeas record provided to this Court. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing the issue of whether Applicant was provided adequate due process in connection with the Parole Board's decision to impose Special Condition X.

After obtaining the affidavit, the trial court may make further findings of fact and conclusions of law regarding the claims raised in the habeas application. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be

obtained from this Court.

Filed: October 24, 2018
Do not publish